# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MONTOYA,<br><br>                   Plaintiff,<br><br>  vs.<br><br>INTELICARE DIRECT, INC.,<br><br>                   Defendant. | CASE NO. 15cv1269-LAB (JMA)<br><br>**ORDER DENYING AS MOOT MOTION TO DISMISS;**<br><br>**ORDER GRANTING JOINT MOTION TO CERTIFY CLASS AND TO APPOINT CLASS COUNSEL, AND**<br><br>**ORDER SETTING HEARING ON MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

      While Defendants' motion to dismiss was pending, the parties agreed to settle this putative class action. The motion to dismiss raised the question of subject matter jurisdiction. Before certifying a class or approving a settlement, the Court must assure itself of its own jurisdiction. *See generally Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (examining the question of whether district court had subject matter jurisdiction over underlying controversy, sufficient to authorize it certify a class or approve a settlement.

      The Court has reviewed Defendant's jurisdictional arguments, and the Second Amended Complaint, and concludes that Plaintiffs have pled facts establishing diversity jurisdiction under the Class Action Fairness Act. Specifically, the amount in controversy is alleged to exceed $5 million, and CAFA's minimal diversity requirements are met. In light

of the parties' settlement of this case, the remainder of the motion to dismiss is deemed withdrawn, and the motion itself is **DENIED AS MOOT**.

**Class Certification and Appointment of Counsel**

For purposes of settlement only, the parties have agreed to certification of a class consisting of all non-exempt employees terminated in California by Intelicare from June 8, 2012 through the Preliminary Approval Date, whose termination dates precede the dates listed on their Final Paychecks, and who were not paid any waiting time penalties as required by California Labor Code section 203. The putative class consists of 198 members.

Plaintiff Montoya also brought disability discrimination claims, which his counsel now concedes are not viable on a classwide basis. (Docket no. 36-2, Lyudyno Decl., ¶ 9.) The parties therefore agree to abandon all other claims other than those being settled.

Under Fed. R. Civ. P. 23(a), a class may be certified only if the numerosity, commonality, and typicality requirements are met, and the representative parties will fairly and adequately protect the interests of the class. A party seeking certification must affirmatively demonstrate that these requirements are met. *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014).

**Numerosity**

The parties cite evidence that the class consists of approximately 198 members. (Jt. Mot., Docket no. 36-1, at 13:18–21.) Ordinarily, classes of more than 40 or more members are numerous enough to meet this requirement. *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. 2010).

**Commonality**

Here, all members of the putative class are Intelicare's employees or former employees, who are bringing claims for failure to pay wages immediately upon discharge. Their claims arise under and will be evaluated under the same state law. This requirement is therefore met as well.

/ / /

/ / /

**Typicality**

Typicality requires that the named plaintiffs be members of the class they represent, and that their claims be "reasonably coextensive with those of absent class members; they need not be substantially identical." *see Dukes v. Wal-mart*, 603 F.3d 571, 580 (9th Cir. 2010) (en banc). This is a permissive standard. *Id*.

Here, the three named Plaintiffs are all Intelicare employees who were all terminated and allegedly not paid their final wages on time. Their claims are essentially the same as for the class generally, and this requirement is met as well.

**Adequacy of Representation**

The two main questions the Court must address when considering adequacy of representation are "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, it does not appear Plaintiffs have any conflicts of interest with the class. They are in the same position as other class members and their interests appear to be aligned with the class.

Because the class is being certified only for the purposes of settlement, Plaintiffs' counsel will not be called upon to put together a trial team and litigate the case to judgment. If they were, the Court would insist on a greater showing of experience, expertise, resources, and other factors pertaining to their ability to litigate zealously and skillfully through trial and even through a possible appeal. Here, the demands are considerably less.

Under Fed. R. Civ. P. 23(g), the Court is directed to consider a variety of factors when determining whether class counsel is adequate. These include the work counsel has done in identifying or investigating claims, counsel's experience and knowledge of the applicable law, the resources that counsel will commit to representing the class, and any other factors pertaining to counsel's ability to fairly and adequately represent the interests of the class. In a larger or more complex case there might be some question whether Plaintiff's counsel

had the resources and experience to represent the class fairly and adequately, but this is a relatively small case with a small class and straightforward issues of law.

Plaintiff's counsel has been licensed since 2009 and submitted a declaration showing he has been practicing employment law for five years. (Lyudyno Decl., Docket no. 36-2, ¶ 26.) His declaration outlines the discovery, investigation, and negotiation he conducted. (*Id*., ¶¶ 8–10, 25.) At the preliminary approval hearing, Plaintiff's counsel should be prepared to provide more detailed information regarding what he did and how long he spent on it, but the Court provisionally accepts his representations.

### Certification and Appointment

For these reasons, the joint motion is **GRANTED**. The class as identified in this order is **CERTIFIED** for purposes of settlement. Robert Montoya, Kelly Zahos, and Javier Marquez are **APPOINTED** as class representatives, and Georgiy Lyudyno is **APPOINTED** as class counsel.

### Hearing on Preliminary Approval of Settlement

The Court will hold a hearing on the preliminary approval issue on **Monday, August 8, 2016 at 11:15 a.m.** Counsel for both parties may appear telephonically or in person. If they wish to appear telephonically, they should no later than Friday August 5 at noon email the phone numbers at which they can be reached to the Court at efile_burns@casd.uscourts.gov.

**IT IS SO ORDERED**.

DATED: August 3, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge