# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MONTOYA,<br><br>                    Plaintiff,<br>     vs.<br>INTELICARE DIRECT, INC.,<br><br>                    Defendant. | CASE NO. 15cv1269-LAB (JMA)<br><br>**ORDER PRELIMINARILY APPROVING THE SETTLEMENT** |

This is a wage and hour case by employees and former employees of Intelicare Direct, Inc. The Second Amended Complaint (SAC) brings claims for disability discrimination and for failure to pay wages upon termination. The parties have agreed to abandon the disability claims and to settle the claims for failure to pay wages upon termination.

The Court has certified the following class:

> all non-exempt employees terminated in California by Intelicare from June 8, 2012 through the Preliminary Approval Date, whose termination dates precede the dates listed on their Final Paychecks, and who were not paid any waiting time penalties as required by California Labor Code section 203.

(Docket no. 37, 2:5–8.) Plaintiff's counsel identified the class members by reviewing Intelicare's employment records and compairing termination dates with the dates of their final checks.

/ / /

On August 8, 2016 the Court held a telephonic hearing on the issue of preliminary approval of the settlement. For reasons discussed at that hearing, the Court **APPOINTS** KCC Class Action Services, LLC as third-party claims administrator, and **GRANTS** the parties' request for preliminary approval, with the following clarifications.

The parties are settling only the "waiting time" claims set forth in the Second Amended Complaint. Disability-related claims may be settled on an individual basis, but are not being settled class-wide. Disability-related claims by unnamed class members will be dismissed without prejudice.

After checks are mailed to class members, the parties have agreed to distribute the funds from any uncashed checks as permitted under the *cy pres* doctrine. Before doing so, however, they must file a notice informing the Court of the total amount of unclaimed funds. If the amount is large enough that it can be feasibly distributed to the remaining class members, the Court may require that rather than *cy pres* distribution. *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (*cy pres* doctrine is primarily applied where proof of claims is burdensome or the distribution of damages is too costly).

The Court will hold a final approval hearing on the settlement on **Monday, December 5, 2016 at 12:15 p.m.** Counsel for any named party may appear telephonically. But if they wish to do so, they should file a notice of intent to appear telephonically and should provide the Court with a telephone number at which they can be reached, as they did for the preliminary approval hearing.

**IT IS SO ORDERED**.

DATED: August 10, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge